# Twenty-First Senatorial District Nomination.

*Appeals—Supreme Court—Constitutional law—Reviewing jurisdictional questions—Certiorari—Act of May 9, 1889, P. L. 158; Act of April 18, 1919, P. L. 72.*

1. The legislature lacks the power to deny to the Supreme Court the right of issuing common law certioraris to test the jurisdiction of subordinate tribunals, for that would be a denial of a long existing judicial prerogative expressly recognized by section 3, article V, of the Constitution of Pennsylvania.

2. The legislature may, however, when providing new statutory remedies, deny the right of appeal by certiorari or otherwise, to review judicial rulings on incidental points arising in the course of such proceedings.

3. If the legislature particularly states that no appeal shall be permitted, then review, beyond determining questions of jurisdiction, cannot be had; and a certiorari for the latter purpose cannot be broadened into something more extensive, either by prior rulings on the general subject, or by operation of the Act of April 18, 1919, P. L. 72.

4. Where, in a statutory proceeding, the legislature fails to provide for an appeal, and because of that omission, the action of the tribunal involved is, generally speaking, considered final, yet a certiorari to inspect the record, in the broadest sense allowed by our cases, may, nevertheless, issue.

5. The Act of May 9, 1889, P. L. 158, providing that all appellate proceedings "shall hereafter be taken in a proceeding to be called an appeal," has the effect merely of changing the names of writs heretofore used to bring up cases for review, viz, the writ of error, the appeal, and the certiorari, so that all should be called appeals; but the several modes of review remain applicable in the same cases, within the same limits, and with the same effect as before.

*Election law—Appeals—Review of proceedings—When appeals not allowed—Moot questions — Election contest — Acts of May 9, 1889, P. L. 158, and May 25, 1921, P. L. 1125.*

6. Under the Act of May 25, 1921, P. L. 1125, relating to proceedings for "the computation and convassing" of election returns and providing that "no appeal shall be allowed from any decision" of the common pleas, no appeal of any sort is allowed, and no review can be had except on a question of the jurisdiction of the court.

7. In an election computation proceeding, rulings on evidence relating to the qualifications of voters cannot be examined by the appellate court on certiorari.

8. It seems that such rulings are of a character properly belonging to an election contest.

9. Where no sufficient time is allowed to the Supreme Court to pass upon questions arising in proceedings relating to the validity of primary elections so as to afford time for printing the ballots, such questions will be deemed moot.

Argued September 29, 1924. Appeals, Nos. 93-96, 98, 99 and 100, Jan. T., 1925, by Thomas McHugh et al., from orders of C. P. Luzerne Co., May T., 1924, Nos. 1193, 1194, 1223, 1251, 1257 and 1278, certifying returns on recount of votes in proceedings relating to the primary election in the Twenty-first Senatorial District Nomination. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Appeals dismissed.

Petition to open ballot boxes and recount votes. Before FULLER, P. J., WOODWARD, McLEAN, JONES and GARMAN, JJ.

The opinion of the Supreme Court states the facts.

Ballot boxes opened and recount of votes made. GAR-
MAN, J., dissented. Thomas McHugh et al., appealed.

*Errors assigned* were orders made, and rulings on evi-
dence, quoting record.

*Thomas R. White,* with him *John S. Fine* and *R. B.
Alexander,* for appellants, cited: Braddock Boro. Elec-
tion Case, 251 Pa. 110; Phillips's App., 262 Pa. 396;
Carbondale's Election, 280 Pa. 159; Plains Twp. Elec-
tion Returns, 280 Pa. 520.

*W. A. Valentine,* with him *Herman J. Goldberg,* for
appellee.—The present appeals at most operate as cer-
tioraris; and the action of the lower court in excluding
testimony is not subject to review: Saurman's Case,
218 Pa. 291; Franklin Film Mfg. Corp., 253 Pa. 422;
Plains Twp. Election Returns, 280 Pa. 520.

The applications to open the ballot boxes were made
too late to require the court to inquire into the contents
of the same, and the offers of evidence were properly ex-
cluded: Harris v. Mercur, 202 Pa. 313.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, October
16, 1924:

These proceedings were instituted before the Court of
Common Pleas of Luzerne County under section 15 of
the Act of July 12, 1913, P. L. 719, 735, as amended by
the Acts of July 9, 1919, P. L. 839, 852, and May 25,
1921, P. L. 1125, 1128. Six election districts are in-
volved, and the petitioners in each of them have ap-
pealed, but all of the appeals involve practically similar
facts and questions of law; they were argued together,
on one set of briefs, and will be disposed of as a whole
in this opinion.

Appellants, as petitioners, averred they were qualified
electors of the districts here involved, and believed "an
act of fraud......, although not manifest upon the gen-

eral return of votes,......had been committed therein
......at a primary election held April 22, 1924"; they
prayed that certain ballot boxes be impounded and the
vote recounted. On April 26, 1924, the county commis·
sioners, constituting the return board, completed the
computation of the votes from all the election districts
in the county, and, on May 9, 1924, the court below pro-
ceeded with the hearing of appellants' petitions. Coun-
sel for one of the candidates objected to the opening of
the boxes, but the court overruled the objection, opened
the boxes, and examined their contents. In the
course of this examination, counsel for appellants
offered to show that a large number of ballots (without
promising to identify them) were "cast by persons [not]
having or claiming to have the qualifications of voters in
said districts"; that they were deposited by persons with
intent to debauch the election and cause a fraudulent
return of the votes cast; that certain unidentified per-
sons, whose names were recorded as voting, did not in
fact vote; that certain other persons "recorded on the
voters' list as having voted, are recorded twice there-
on." These very general tenders of proof were objected
to by counsel for the same candidate who had previously
objected to the opening of the boxes. The objections
were sustained; the recount was finished, and the court
made a return, setting forth the results. The petitioners
have appealed, contending that, had their offers been
received, instead of the computation showing a plurality
of votes for the person certified as the Republican nomi-
nee for state senator, another candidate would have
been entitled to the certificate.

The Act of 1921 (section 15) provides, inter alia, that
"Any person aggrieved by any order or decision of any
return board, not consisting of a judge or judges of the
court of common pleas, regarding the computation and
canvassing of the returns,......may appeal therefrom,
within two days thereafter, to the court of common pleas
......and, pending such appeal, the return board shall

suspend......certification of the votes......; but none of the orders or decisions of either the return board ......or the court of common pleas on any appeal shall be deemed a final adjudication......so as to preclude [an election] contest......Contest of primaries shall originate and be conducted as in cases of elections"; and, finally, the section provides that "No appeal shall be allowed from any decision......order or decree of the court of common pleas made in pursuance of this section."

The last quoted sentence presents a controlling question in this case, as to the right to maintain the present appeals.

The Act of May 9, 1889, P. L. 158, provides that "All appellate proceedings in the Supreme Court heretofore taken by writ of error, appeal or certiorari, shall hereafter be taken in a proceeding to be called an appeal." We early decided (Rand v. King, 134 Pa. 641, 645-47) that this statute merely had the effect of changing the names of the writs theretofore used to bring up cases for review, viz, the writ of error, the appeal and the certiorari, so that all should be called appeals, but the several modes of review remained applicable in the same cases, within the same limits, and with the same effect as before.

The legislature having adopted the word "appeal" as comprehending all sorts of writs which bring up cases for review, must be understood to have meant,—when it stipulated in the Act of 1921 that "No appeal shall be allowed from any decision......order or decree of the court of common pleas made in pursuance" of the powers conferred by that statute,—that no appeal of any sort shall be allowed. The whole structure of the act, and of those which it amends, bears out this thought, for computation proceedings are intended to be held promptly and to be disposed of expeditiously, so that returns may be quickly made and nominations certified

without the delays which, necessarily, are caused by successive appeals.

In 28th Congressional District Nomination, 268 Pa. 313, 321, we said: "Appellee made a motion to quash because of the provision that 'No appeal shall be allowed from any order or decree'......This, however, does not affect our right to issue a certiorari in order to determine, from an inspection of the record, whether or not the court below exceeded its jurisdiction......, and for this purpose to examine the opinion of the court in order to discover the reasons for its action......The motion ......is, therefore, overruled." The case from which the above excerpt was taken involved the determination of jurisdictional points. It contains no ruling to the contrary of the decision here made, that the word "appeal" as used in the Act of 1921, comprehends the certiorari along with other writs, so far as the certiorari may previously have been employed to bring up for review decisions of subordinate tribunals which do not go to their jurisdiction,—that is to say, decisions such as those now before us.

The legislature lacks power to deny this court the right of issuing common-law certioraris to test the jurisdiction of subordinate tribunals, for that would be a denial of a long-existing judicial prerogative, expressly recognized in our Constitution (section 3, article V, of the Constitution of Pennsylvania, Purdon's Digest, 13th ed., vol. 1, p. 175) ; but this is far from saying the lawmakers cannot, in legislating as to methods of review, affect the exercise of that prerogative. In other words, though the legislature cannot take away our constitutional right to determine whether a subordinate tribunal had jurisdiction of a matter brought before it, yet, when providing new statutory remedies (such as those provided by the acts here in question), the legislature may deny the right of appeal,—by certiorari or otherwise,—to review judicial rulings on incidental points arising in the course

of such proceedings; and this it did in the present instance.

Where, in a statutory proceeding, the legislature fails to provide for an appeal, and because of that omission, the action of the tribunal involved is, generally speaking, considered final (Robb's Nomination Certificate, 188 Pa. 212, 213), a certiorari to inspect the record, in the broadest sense allowed by our cases, may, nevertheless, issue; but where the legislature, as in the statute before us, particularly states that no appeal shall be permitted, then review, beyond determining questions of jurisdiction, cannot be had; and, under circumstances such as those at bar, a certiorari for the latter purpose cannot be broadened into something more extensive, either by our prior rulings on the general subject in hand, or by operation of the Act of April 18, 1919, P. L. 72.

Here, the court exercised its jurisdiction to open the ballot boxes and examine the votes, and the only questions sought to be raised on the present appeals concern the hereinbefore-mentioned rulings on offers of evidence; these, we are of opinion, cannot be examined by us on certiorari, without disregarding the expressed will of the legislature. In addition, we may state that the questions involved are of a character properly belonging to an election contest (28th Congressional Dist. Nom., supra; Plains Township Election Returns, 280 Pa. 520), and, had appellants diligently pursued that remedy, instead of the present appeals, they probably would have had ample time, between the date of the certification of the nominations, in May, 1924, and the date of the printing of the ballots for the November election, to obtain any relief to which they might be entitled; whereas, the time remaining after the present appeals came before us for decision was so short that, even had we returned the record to the court below to pass upon the evidence offered, it would have been physically impossible to have determined the matter in time for the printing of the

ballots, and this in itself would warrant us in dismissing the appeals: McCormick's Election Contest, 281 Pa. 281.

As ordered immediately after hearing argument on these appeals, they are all dismissed at the cost of the appellants.