607 A.2d 730

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Larry McFARLIN, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 24, 1992.

Decided May 18, 1992.

Vincent J. Quinn, Chief Public Defender, for appellant.

Henry S. Kenderdine, Jr., Dist. Atty. and Brian E. Chudzik, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER

PER CURIAM.

The order of the Superior Court is affirmed.

PAPADAKOS, J., files a dissenting opinion.

LARSEN, J., did not participate in the consideration or decision of this matter.

PAPADAKOS, Justice, dissenting.

This is the appeal of Larry McFarlin (Appellant) from the opinion and order of the Superior Court affirming the

judgment of sentence imposed on Appellant by the Court of Common Pleas of Lancaster County.

Appellant pled guilty to seventy-five counts of theft by deception and two counts of conspiracy to commit theft by deception. The thefts involved were the issuing of seventy-five checks to various merchants during a two-month period from an account which Appellant knew was closed. Appellant's wife was also an owner of this checking account and was named as Appellant's co-conspirator in two instances. Following the entry of the guilty pleas and a pre-sentence investigation, Appellant was sentenced by the Honorable D. Richard Eckman, President Judge of the Court of Common Pleas of Lancaster County, to a period of incarceration of one and one-half years to five years and was also sentenced to consecutive and concurrent terms of probation for seventeen years. Appellant was fined $500.00 and was ordered to pay restitution in the amount of $8,058.70. A motion to modify sentence was denied and an appeal followed to the Superior Court.

On appeal, the only issue Appellant wished to pursue involved the discretionary aspects of the sentence. Pursuant to 42 Pa.C.S. § 9781(b),[1] an appellant may raise such an issue in the Superior Court by filing a petition for allowance of appeal. "Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate...." 42 Pa.C.S. § 9781(b). An appellant is required by our rules of Appellate Procedure to set forth in a brief concise statement the reasons relied upon for allow-

1. 42 Pa.C.S. § 9781(b) provides:
   (b) Allowance of appeal.—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.
   Act of November 26, 1978, P.L. 1316, No. 319, § 3, effective January 1, 1979. As amended October 5, 1980, P.L. 693, No. 142, § 401(a), effective in 60 days.

ance of appeal with respect to the discretionary aspects of a sentence (Pa.R.A.P. 2119(f)) [2] and Appellant filed the required statement, thus bringing his issue to the attention of the Superior Court.

That court reviewed the statement and concluded that it did not raise a substantial question and declined to exercise its discretion in favor of granting allowance of appeal. The court also addressed Appellant's challenge to the constitutionality of the procedure enacted for reviewing the discretionary aspects of sentences provided at 42 Pa.C.S. § 9781(b) and concluded that the method provided for review of such issues is not violative of the right of appeal guaranteed by Section 9, Article V of the Pennsylvania Constitution because it represents a reasonable regulation of the right to appeal. This view was adopted in a majority opinion authored by Judge Olszewski and joined by Judges Cirillo, Cavanaugh, Rowley, and Tamilia. Judge Del Sole dissented on the basis that the Constitution clearly gives an appellant a direct right of appeal that cannot be abridged by the legislature. Judges Weiand and Beck joined this dissent and Judge McEwen concurred in the result. *Commonwealth v. McFarlin*, 402 Pa.Super. 502, 587 A.2d 732 (1991).

We granted Appellant's Petition for Allowance of Appeal to address the important constitutional issue raised herein and to resolve the conflict which has arisen concerning the interpretation of the right to appeal embodied in Article V, Section 9 of our Constitution.

The majority has determined that there is no constitutional right of appeal in these circumstances and has opted to affirm the Superior Court by Per Curiam Order. For the reasons that follow, I dissent.

**2.** That section provides:
(f) Discretionary Aspects of Sentence. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

I begin by referring to the text of the Constitution itself. Article V, Section 9 provides:

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court as to be provided by law; and there shall be such other rights of appeal as may be provided by law.

Appellant argues that this section provides for an unrestricted right of appeal from the sentence imposed on him to the Superior Court and, that aside from the Legislature's right to decide what court shall hear the appeal, that body may not limit the reviewing court's scope of review without violating the provisions of this section. Appellant argues that while reasonable procedures may be enacted and implemented by the legislature and this Court for the disposition of appeals, (see *Commonwealth v. Sayres*, 88 Pa. 291 (1879)), the procedure chosen by the legislature in this instance (petition for allowance of appeal) limits the reviewing court's scope of review so that appellate review as guaranteed in the section is effectively denied.

Prior to the present Constitution, appellate jurisdiction was exercised using the procedure of appeal, certiorari or writ of error in cases, as provided by the legislature (Article V, Section 3 of the Constitution of 1874) and in 1889 the legislature provided that all appellate proceedings no matter how previously called were henceforth to be called "appeals". Act of May 9, 1889, P.L. 158 § 1, 12 P.S. § 1131, now repealed.

This Court, very early, made clear that this statutory change did not change the existing right of review, the extent of review already provided for, or modify in any manner its exercise; dissimilar proceedings were henceforth merely to be called by the same name. *Rand v. King* 134 Pa. 641, 19 A. 806 (1890).

In *In the Matter of the Franklin Film Manufacturing Corporation*, 253 Pa. 422, 98 A. 623 (1916), this court made

the following observation: "At the present time, in our law, the word 'appeal' has no conclusive meaning, for since the Act of May 9, 1889, P.L. 158, a writ of error and a certiorari, as well as an appeal proper, are all designated 'appeals'; therefore, it is necessary in each instance to look at the particular act of assembly giving the right of appeal to determine just what powers are to be exercised by the appellate court."

The writ of error lay against any final judgment in any court of record, and against such interlocutory and auxiliary orders as were made appealable. The scope of review was limited to a review of the exceptions made before the trial court and properly preserved there. *Buckmyer v. Dubs*, 5 Binney 28 (1812); *Overseers of Poor of Montoursville v. Overseers of Fairfield*, 112 Pa. 99, 3 A. 862 (1886). In all equity cases and those cases following equity procedure, the proper form of review provided was that of appeal. The appellate court was required to review the record and pleadings to determine whether the decree was just and conscionable. *Piper's Appeal*, 20 Pa. 67 (1852). The writ of certiorari was the remaining form of review and permitted an appellate court only to correct errors that appeared on the face of the record such as determining whether the findings of fact were supported by competent evidence and whether conclusions of law were erroneously made, but the merits of the controversy could not be inquired into, as they were left to the judgment of the court below. *Chase v. Miller*, 41 Pa. 403 (1861); *Rand v. King*, 134 Pa. 641, 19 A. 806 (1890).

Where the legislature did not provide a right of review by statute, the courts could review such proceedings by issuing writs of certiorari. *Commonwealth v. Strobel*, 375 Pa. 292, 100 A.2d 43 (1953). But, where the legislature specifically prohibited an appeal in any form, the courts were without power to issue the writ of certiorari in its broad sense except to test whether the subordinate tribunal had jurisdiction over the matter brought before it. *Twenty–First Sen-*

*atorial District Nomination,* 281 Pa. 273, 126 A. 566 (1924).

Thus, the legislature could grant or withhold the right of review over all types of cases and could also prescribe the scope of appellate review to be exercised in each case. Under this constitutional scheme, there really was no "right" to appeal, and, even if one were extended, the appellate tribunal's scope of review was subject to legislative control and that body could remove the power to review most aspects of a case from the tribunal.

The Constitutional Convention of 1968 which drafted our current Constitution, and Article V, Section 9 in particular, provided in its initial draft of the judiciary article that "there shall be a right of appeal in all cases to an appellate court of statewide jurisdiction," presumably to remedy the state of the law as it existed under the Constitution of 1874. II Journal of the Constitutional Convention, page 836.

The proceedings of the Constitutional Convention are replete with lively debates concerning the ills of a system that did not guarantee at least one opportunity for the review of the sufficiency of factual determinations and legal rulings (see II Journal of the Constitutional Convention, pages 870, 871, 872, 957–966) [3] and when the final form

3. The comments of Delegate Barron at pp. 958–959, Feb. 19, 1968, II Journal of the Constitutional Convention are as follows:

The proposition should be clearly that in any given instance one court alone should not be permitted to sit in judgment without having its deliberations reviewed both as to the facts and as to the law. This process is called an appeal.

Delegate Solomon noted that the Constitution of 1874 in permitting an appeal upon cause shown:

"has been whittled away from the people of Pennsylvania by the action of our appellate courts and our Legislators.... Yesterday, I read a volume of approximately 270 pages that was captioned "Appeals."

Why, it is the rottenest obstacle course in our law.... Somewhere along the line the people ought to know that from the top—not from the bottom—has come down the doctrine that you are not entitled to a hearing, that you cannot get your hearing if the judge does not want to give it to you.... This is not the kind of society that I would like to continue living in nor have my children live in....

II Journal of the Constitutional Convention, p. 961.

of Article V, Section 9 was presented to the Convention for adoption, Delegate Barron explained its form and purpose as follows:

The first portion reads: "There shall be a right of appeal in all cases to a court of record from a court not of record." This, we hope, is plain and manifests as clearly as we know our intent in regard to appeal from courts not of record. The middle clause provides: "There shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law." This is intended to cover the situation of cases when they are in a court of record or before an administrative agency and permit the Legislature, in its wisdom, to select the appeal, the right thereof being guaranteed and the appeal lying to a court of record or an appellate court, as may be directed by the Legislature. The language employed was endeavored to be broad enough to permit the creation of special courts, statutory courts, as has been allowed thus far in the language submitted and approved by this Convention.

Finally, the last clause reads: "And there shall be such other rights of appeal as may be provided by law," is to permit, as now exists, for the Legislature to provide an intermediate court of appeal, if such should be its pleasure. For example, a workman's compensation proceeding, where the appeal lies from the compensation board to the court of common pleas and thence to the Superior Court, or it will also permit, should the occasion and need arise, for the Legislature to provide an appeal route from anyone of its appellate courts to the Supreme Court of Pennsylvania. Notice that the first clause is a mandatory one. The second clause is mandatory as to the right of appeal, but the selection is permissive in the General Assembly, meaning that the General Assembly shall have the right of selection. In order to give the General Assembly power in this area, we have a permissive right

of appeal in the third clause.[4]

II Journal of the Constitutional Convention, pp. 1000–1001.

The section was adopted on February 20, 1968, by a vote of 128 to 2 (33 not voting) and was voted upon by the electorate in this form.

I am, of course, mindful that constitutional provisions are to be given the ordinary, natural interpretation that a ratifying voter would give them and that where more than one interpretation is possible, it is appropriate to favor a natural reading which avoids contradictions, which completely conforms to the intent of the framers, and which reflects the views of the ratifying voter. *Commonwealth ex rel. Paulinski v. Isaac*, 483 Pa. 467, 397 A.2d 760, *cert. denied*, 442 U.S. 918, 99 S.Ct. 2841, 61 L.Ed.2d 286 (1979). A constitution reflects the will of the people; thus, the people's natural understanding of the terms therein must be given full effect. *Commonwealth v. Harmon*, 469 Pa. 490, 366 A.2d 895 (1976).

In my view, I believe that this section was understood by the ratifying voter to work a change in the law and consistent with the intent of the framers to remedy the shortcomings of the prior constitution by taking away from the legislature the right to hand out appeals at its pleasure and to define the scope of appellate review. A natural reading of this section then compels the conclusion that appellate review is guaranteed in *all* cases in at least one court and

4. During the short discussion which followed, Delegate Hannon stated:

> I would want to make something perfectly clear, we are not concerned with possible extended work on the part of the appellate courts, clogging them, or anything else. We are interested in the rights of the people.

Delegate (now Governor) Casey asked the final question concerning the intent of the drafters of this section when he inquired of Delegate Barron:

> Is it your intention, therefore, that there shall be a right of appeal in all cases, not only from a court not of record to a court of record, but also from a court of record or an administrative agency to a court of record or an appellate court?

Delegate Barron responded, "It is." II Journal of the Constitutional Convention, Feb. 20, 1968, p. 1001.

that the initial reviewing court has the duty and power to review all properly preserved questions of law and fact.

Turning to the sentencing issue before us, we have said that "one of the most important functions performed by a trial judge is the fashioning of the sanction to be imposed for those who are convicted of violating our laws." *Commonwealth v. Jones,* 523 Pa. 138, 565 A.2d 732 (1989).

Whether a trial judge imposes a proper sentence on a criminal defendant usually presents a question of law and fact (*Commonwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971)), and thus, is exactly the type of issue that the framers intended would be reviewable by at least one appellate tribunal. The statute before us provides an absolute right to the defendant or the Commonwealth to appeal the legality of a sentence (42 Pa.C.S. § 9781(a)) but has limited the right of appeal in an attack upon the discretionary aspects of the sentence in the Superior Court (42 Pa.C.S. § 9781(b)).

This section not only requires that discretionary aspects of sentencing can only be raised by filing a petition for allowance of appeal, but it further whittles away an appellant's right of appeal by giving the Superior Court discretion to grant (or presumably to deny) an appeal even where there is a substantial question that the sentence imposed is inappropriate.

Allowance of appeal *may* be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter. 42 Pa.C.S. § 9781(b) (emphasis added).

Finally, it must be noted that no appeal beyond the Superior Court is permitted in such cases and therefore there is no review of the Superior Court's exercise of discretion in granting or denying allowance of appeal in such matters. 42 Pa.C.S. § 9781(f). *Commonwealth v. Jones,* 523 Pa. 138, 565 A.2d 732 (1989).

Article V, Section 9 of our Constitution was enacted to change the former state of appellate practice and procedure and insure that all litigants would have at least one opportunity for direct review of all factual and legal issues properly preserved for review. Since 42 Pa.C.S. § 9781(b) limits this right, it is in conflict with the plain language of the Constitution and is repugnant to that document. Accordingly, I would suspend this section and repeal our Pa. Rule of Appellate Procedure 2119(f).

I would reverse the opinion and order of the Superior Court and remand the matter to that Court to give it the opportunity to review the merits of Appellant's contention that the sentence imposed on him was manifestly excessive under the circumstances.