J-S25022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ERIN KATHLEEN VANMATRE :
:
Appellant : No. 2478 EDA 2016

Appeal from the Judgment of Sentence July 12, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000523-2016

BEFORE: BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY RANSOM, J.: **FILED JUNE 13, 2017**

Appellant Erin Kathleen VanMatre appeals from the judgment of sentence of twenty-four to eighty-four months of incarceration, imposed July 12, 2016, following her guilty plea to criminal conspiracy to commit robbery, a felony in the third degree.[1] We affirm.

The relevant facts and procedural history are as follows. In April 2016, Appellant entered an open guilty plea to conspiring to commit robbery of an eighty-year-old woman. After observing the elderly woman in Rite Aid Pharmacy, Appellant and Co-defendant William Hayhurst ("Co-defendant") followed the woman to her residence. When the woman's vehicle stopped, Co-defendant grabbed the woman's purse and fled with Appellant. The woman collided her car into their car in an effort to stop them. She followed

_____

[1] 18 Pa.C.S. § 903.

their vehicle until they threw her purse out the window, with the woman's wallet and cash missing. *See* Trial Ct. Op., 9/28/2016, at 1.

After considering the pre-sentence investigation (PSI) report, the trial court sentenced Appellant as described above on July 12, 2016. Appellant's motion to reconsider the sentence was denied without a hearing on July 15, 2016.

Appellant timely appealed and filed a court-ordered 1925(b) statement. The court filed a responsive opinion.

On appeal, Appellant raises the following issue:

1. Did the trial court abuse its discretion at sentencing when the court gave [Appellant] a sentence of twenty-four (24) to eighty-four (84) months, which is a departure sentence where the standard guideline range is six (6) to sixteen (16) months with an aggravated range of up to nineteen (19) months, without any justification for the departure?

Appellant's Br. at 6.

Appellant raises a challenge to discretionary aspects of her sentence. The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal. *Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011); *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007); *see also* Pa.R.A.P. 2119(f). To invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence, we must consider the following four-part test:

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a

motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).

Instantly, we note that Appellant has complied with the first two requirements. Appellant filed a timely notice of appeal. She preserved the issue in her post-sentence motion to reconsider sentence. However, Appellant has not included a 2119(f) statement in her brief. **See** Pa.R.A.P. 2119(f). In order to raise a challenge to discretionary aspects of sentencing, an appellant must *inter alia* articulate in her Rule 2119(f) statement a substantial question to invoke this court's jurisdiction. **Commonwealth v. Mouzon**, 812 A.2d 617, 626 (Pa. 2002); **see** 42 Pa.C.S. § 9781(b). However, in light of Commonwealth's failure to object to the statement's absence, we decline to deem the issue waived. **Commonwealth v. Broughter**, 978 A.2d 373, 374 (Pa. Super. 2009).

Next, we address whether Appellant presents a substantial question. "The determination of whether the particular issue raised constitutes a substantial question is evaluated … on a case by case basis." **Commonwealth v. Jones**, 640 A.2d 914, 917 n.4 (Pa. Super. 1994) (citing **Commonwealth v. McFarlin**, 587 A.2d 732 (Pa. Super. 1991) (*en banc*), *affirmed*, 607 A.2d 730 (Pa. 1992)). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie

the sentencing process." ***Commonwealth v. Sierra***, 752 A.2d 910, 912-13 (Pa. Super. 2000) (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa. Super. 1999) (*en banc*), *allocatur denied*, 790 A.2d 1013 (Pa. 2001)).

Here, Appellant contends that the court imposed a sentence that was excessive and manifestly unreasonable when it imposed a sentence outside of the sentencing guidelines. Appellant's challenge constitutes a substantial question. ***Commonwealth v. Davis***, 737 A.2d 792, 798 (Pa. Super. 1999) ("A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges raises a 'substantial question' which is reviewable on appeal."). Accordingly, we will proceed to address her substantive argument.

> The standard under which we review sentencing claims is well established. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion….
>
> In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and re-sentencing the defendant.... The statute requires a trial judge who intends to sentence a defendant outside the guidelines to demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as he also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range.

When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only. If the sentencing court deems it appropriate to sentence outside the guidelines, it may do so as long as it offers its reasons. [O]ur Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable, we must affirm a sentence that falls outside those guidelines..... [I]n exercising its discretion, the trial court must consider the character of the defendant and the particular circumstances of the offense, and must impose a sentence that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant.

*Davis*, 737 A.2d at 798-99 (internal quotation marks and citations omitted).

An appellate court reviewing a departure sentence must vacate and remand a case where it finds that the sentenced imposed is unreasonable. 42 Pa.C.S.A. § 9781(c)(3). In making a reasonableness determination, we consider the following factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d); *see Sheller*, 961 A.2d at 190–91.

A court is required to consider the particular circumstances of the offense and the character of the defendant, including her prior criminal record, age, personal characteristics, and potential for rehabilitation. *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002), *cert. denied*,

545 U.S. 1148 (2005). When it is clear that the sentencing court reviewed a PSI report, "we presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

"When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it [is] not bound by the Sentencing Guidelines." *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citations omitted). The court may deviate from the recommended guidelines, if necessary, to accomplish adequate protection of the public, address Appellant's rehabilitative needs, while taking into account the "gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Sheller*, 961 A.2d at 190 (quoting *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001)).

> The only constraints placed on the court's discretion in sentencing matters are that the sentence imposed must be within the statutory limits; the record must show that the court considered the sentencing guidelines in light of the above balancing standard; and, if the court deviates from the sentencing guidelines, the record must demonstrate a contemporaneous statement of reasons for the departure. The requirement of a contemporaneous statement explaining any deviation from the sentencing guidelines is satisfied when the sentencing judge states the reasons on the record in the defendant's presence.

*Jones*, 640 A.2d at 917 (internal citations omitted); 42 Pa.C.S. § 9721(b).

In her brief, Appellant contends that the court failed to provide a justification for the departure from the sentencing guidelines. *See* Appellant's Br. 10-11. The record belies this contention.

At Appellant's sentencing hearing, the court was cognizant that the standard range indicated by the sentencing guidelines for conspiracy to commit robbery was six to sixteen months and that the aggravated range was nineteen months. *See* Sentencing Transcript ("S.T."), 7/12/2016, at 2. Nevertheless, the Commonwealth recommended a departure sentence of thirty months. *Id.* Thus, the court was aware that it imposed a sentence that exceeded the guideline range when it imposed a sentence of twenty-four to eighty-four months.

In addition, the court considered the PSI report, which identified three aggravating factors, which potentially justified a departure sentence, including the nature and circumstances of this offense, a pre-planned personal attack on an eighty-year-old elderly woman. *Id.* at 6; *see also* PSI Report ("PSI"), 7/6/2016, at 8. Further, the court considered Appellant's prior record in which Appellant victimized the elderly in two prior robberies. S.T. at 4; PSI at 7. In addition, Appellant had three misconducts while incarcerated, demonstrating a lack of amenability to rehabilitation. *See* S.T. at 5; PSI at 7-8. On the record, the court stated that Appellant had exhibited a pattern of conduct in crimes against the elderly and had a serious drug problem that contributed to parole violations, revocation of

probation, and poor performance on supervision. *See* S.T. at 6. The court deemed three misconducts while incarcerated and the victim's age as aggravating circumstances justifying the deviation from the guidelines. *Id.*

Nevertheless, Appellant argues that the existence of aggravating factors are cause for a sentence within the aggravated range but do not justify a departure from the sentencing guidelines. *See* Appellant's Br. at 12. We disagree.

The sentencing code gives the trial court discretion to sentence a defendant outside of the sentencing guidelines while considering the sentencing guidelines, the background and character of the defendant, and the circumstances surrounding the crime. *See Commonwealth v. Lawson*, 650 A.2d 876, 882 (Pa. Super. 1994). The court may consider a crime committed against the elderly as a "substantial aggravating circumstance" at sentencing. *Id.* (citing *Commonwealth v. Darden*, 531 A.2d 1144, 1149-50 (Pa. Super. 1987) (noting that the age of defenseless seventy-year-old woman victim could be considered as a "substantial aggravating factor" to justify a sentence outside the guideline ranges)).

Here, the sentencing court noted the nature and circumstances of this crime against an eighty-year-old woman on the record at sentencing. *See* S.T. at 6. The court also considered Appellant's pattern of conduct in personally targeting the elderly. *See id.* Here, Appellant had a history of committing similar crimes against the elderly. *See Lawson*, 650 A.2d at

882 (noting that the sentencing court may consider a defendant's prior convictions).

Based on the record, the court was cognizant that it imposed a sentence outside of the applicable guideline range in an effort to balance the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs. *See* 42 Pa.C.S. § 9721(b); *Sheller*, 961 A.2d at 190–91. The court acted reasonably in considering all of the factors identified by Section 9781(d) given the gravity of the offense and the impact on the community. Accordingly, we discern no abuse of discretion. *Jones*, 640 A.2d at 917.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/13/2017