J-A07001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM BRYANT | : | |
| | : | |
| Appellant | : | No. 1765 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001023-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                          **FILED APRIL 20, 2023**

Appellant, Kareem Bryant, appeals from the September 24, 2021 judgment of sentence entered by the Philadelphia Court of Common Pleas following his conviction of Persons Not to Possess Firearms, Strangulation, and related charges.[1]  Appellant challenges the discretionary aspects of his sentence.  After careful review, we affirm the judgment of sentence.

On December 6, 2020, after consuming alcohol and using synthetic marijuana and methamphetamines, Appellant forced his paramour ("Victim") to drive him to the basement of a relative's residence in Philadelphia.  At the time, Appellant was "paranoid," believing that there "was a ruse to sell his

_____

[1] 18 Pa.C.S. §§ 6105(a)(1) and 2718(a)(1).  The related charges include Firearms not to be Carried Without a License, Carrying Firearms on Public Streets or Public Property in Philadelphia, Possessing Instruments of Crime, Terroristic Threats, Simple Assault, and Recklessly Endangering Another Person.  *Id.* §§ 6106(a)(1), 6108, 907(a), 2706, 2701, and 2705, respectively.

soul to the [I]lluminati."[2] While in the basement, Appellant posted a video on Facebook Live in which he threatened public officials, Victim, and Victim's daughter, while brandishing a pistol with a 50-round drum magazine attached.

Following the video, Appellant repeatedly pointed the gun at Victim, as well as himself, and discharged the gun twice in the basement. He also put his hands around Victim's neck five or six times, applying pressure until she almost passed out. She ultimately became ill and opened the basement door to vomit and discovered police officers outside, who had been alerted to the gunshots and sounds of an argument by a neighbor. Police, however, left the scene after Victim asserted that they were not needed. Victim later claimed that Appellant would kill her unless she convinced police to leave.

The next day Appellant forced Victim to drive him to various locations and continued to threaten her life, while in possession of the pistol. Ultimately, Victim escaped when Appellant left her in the car with the keys, while he went into a gas station. Police arrested Appellant on December 11, 2020.

Following a bench trial on July 26, 2021, the trial court found Appellant guilty of the above-listed charges. The court held a sentencing hearing on September 24, 2021, at which the Commonwealth stated that, given Appellant's prior record, the sentencing guidelines for a violation of Persons not to Possess Firearms indicated a minimum sentence range of 72 to 90

---

[2] Tr. Ct. Op., 8/23/22, at 2 (internal quotation marks omitted).

months, plus or minus 12 months, while the Strangulation count guidelines were for 48 to 60 months, plus or minus 12 months.[3] Appellant's counsel did not dispute this calculation, although he argued for a downward deviation due to Appellant's traumatic childhood, drug dependency, and lack of prior convictions for violent acts.

Following a statement by Victim, Appellant provided an extensive allocution in which he acknowledged his drug problem and anger management issues.[4] While admitting that "it did get a little physical," Appellant contested Victim's account of the incident.[5] He asserted that he "wasn't going to harm her or kill her" and that he did not choke her.[6]

The trial court summarized what it heard in Appellant's allocution:

For the last five minutes, Mr. Bryant, what I have heard is I, I, I; me, me, me; how this has impacted me; what I have done; how great I am; how I raised the kids; how I would not have done anything; she knows I would not have done anything; yeah, we had a little bit of problems; we had some small issues; how you love her to death. You almost loved her to death literally.

Are you kidding?

* * * *

You just talked yourself into a higher sentence than what I was originally going to give you.

---

[3] N.T. Sentencing Hr'g, 9/24/22, at 25.

[4] *Id.* at 35-41.

[5] *Id.* at 40-41.

[6] *Id.* at 36, 41.

- 3 -

*Id.* at 42. The court further opined, "I think you need some additional time to really reflect on what you have done. You clearly don't get it. And I think you are an absolute danger to the community and a specific danger to the complainant in this case[.]"[7] The court recounted that it had considered the presentence report, the sentencing guidelines, his mental health evaluation, "the gravity of the offense[,] and the need to protect the public, as well as the need to protect the complainant; . . . [the] rehabilitative needs of the defendant, as well as his allocution[.]"[8] The court expressly considered mitigating factors, including the "trauma involving the deaths of both [Appellant's] father and his mother at a very young age[,]" as well as his early drug and alcohol use.[9]

At the end of the hearing, the trial court imposed an aggregate sentence of 8 to 16 years of incarceration followed by 4 years of probation. Specifically, it imposed a sentence of 4 to 8 years of incarceration for Persons Not to Possess Firearms, a consecutive sentence of 4 to 8 years for Strangulation, followed by an aggregate term of four years of probation for the remaining charges. This sentence is within the Sentencing Guidelines.[10] The court

---

[7] *Id.* at 45.

[8] *Id.* at 46-47.

[9] *Id.* at 47-48.

[10] The trial court refers to Appellant's sentence as "higher than the advisory guideline range[,]" a description which Appellant reiterates without
*(Footnote Continued Next Page)*

- 4 -

additionally ordered mental health and domestic violence counseling as well as a drug and alcohol evaluation.

In January 2022, Appellant filed a PCRA petition seeking "allowance of post-sentence motion and appeal *nunc pro tunc*," which the court granted on February 28, 2022. On March 9, 2022, Appellant filed a post-sentence motion, which was denied by operation of law on July 7, 2022.

Appellant timely filed his Notice of Appeal on July 13, 2022. Appellant and the trial court complied with Pa.R.A.P. 1925(a). Before this Court, Appellant presents the following question, challenging the discretionary aspects of his sentence:

> Did not the trial court err and abuse its discretion in imposing a sentence of 8 to 16 years, where the trial court enhanced the sentence due to impermissible sentencing factors, such as Appellant's assertion of innocence, acknowledgment of mental health and drug abuse struggles, and pleas for mercy?

Appellant's Br. at 4.

**A.**

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Instead, an appellant must invoke this Court's jurisdiction by (1) filing

_____

explanation. Tr. Ct. Op. at 13; Appellant's Br. at 14. The Sentencing Guidelines, however, support the Commonwealth's assertion that the sentences were within the guideline ranges, given the offense gravity scores of 11 for the firearm violation and 9 for Strangulation and in light of Appellant's prior record score of 5. N.T. Sentencing Hr'g at 5, 25 (setting forth Appellant's prior record score and the guideline ranges for the offenses); *see* 204 Pa. Code §§ 303.15–303.16.

a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.***

In regard to the fourth criteria, "[a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Summers***, 245 A.3d 686, 692 (Pa. Super. 2021), *appeal denied*, 276 A.3d 700 (Pa. 2022) (citation omitted). This Court has found a substantial question where the defendant asserts that the imposition of consecutive sentences within the guideline ranges "would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013).

In the instant case, Appellant met the first three criteria by filing a timely notice of appeal, preserving his claim in a post-sentence motion, and including

a Statement Regarding the Discretionary Aspects of Sentence in his brief.[11]

In regard to the substantial question criteria, Appellant asserts that the trial court "considered impermissible sentencing factors, violated the express provisions of the Sentencing Code, and as a result, imposed an unreasonable and manifestly excessive sentence contrary to the fundamental norms which underlie the sentencing process." Appellant's Br. at 11. Specifically, Appellant claims that the trial court, in enhancing his sentence and imposing consecutive sentences, improperly relied upon his "assertion of innocence and discussion of his mental health and drug problems during allocution." *Id.* We agree that he has presented a substantial question. *See Dodge*, 77 A.3d at 1273 (observing that "reliance on impermissible sentencing factors can raise a substantial question").

## B.

Turning to the merits of Appellant's sentencing challenge, this Court has repeatedly observed that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Barnes*, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted). To

---

[11] In a footnote, Appellant additionally claims that Section 9781(b) violates Article V, Section 9 of the Pennsylvania Constitution, which provides for a right of appeal in all cases. Appellant's Br. at 9. He acknowledges this Court's decision in *Commonwealth v. McFarlin*, 587 A.2d 732 (1991), *aff'd*, 607 A.2d 730 (1992) (*per curiam* order), which concluded that Section 9781(b) did not violate Section 9 of the Constitution, but requests that we reconsider that decision. As this panel is bound by the *en banc* decision in *McFarlin*, we do not address this claim further.

demonstrate an abuse of discretion, the defendant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

In sentencing a defendant, a trial court should consider the following factors: "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). When the sentencing court has the benefit of a pre-sentence investigation report, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors" when imposing the sentence. *Commonwealth v. Sexton*, 222 A.3d 405, 422 (Pa. Super. 2019) (citation omitted). Moreover, a defendant's "[l]ack of remorse is an appropriate sentencing consideration[,]" as it is "a sign of defendant's character." *Summers*, 245 A.3d at 695-96 (citation omitted).

We defer to the sentencing court's assessment of the sentencing factors as it is "in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." *Id.* at. 696. Instead, our "review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Commonwealth v. Macias*, 968 A.2d 773, 776-77 (Pa. Super. 2009).

In regard to sentences within the sentencing guidelines, Section 9781(c) instructs that an appellate court should affirm the sentence imposed unless it finds that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2). Section 9781(d) provides,

> In reviewing the record[,] the appellate court shall have regard for:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant[;]
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation[;]
> >
> > (3) The findings upon which the sentence was based[;]
> >
> > (4) The guidelines promulgated by the commission.

*Id.* § 9781(d).

Appellant contends that the trial court's imposition of two consecutive sentences of 4 to-8 years of incarceration is manifestly excessive as it is "unduly harsh given the crimes for which Appellant was convicted, the lack of any serious injury to the complainant, the lack of physical evidence of an operable gun, and the absence of previous violent crimes in Appellant's record, as well as the mitigation presented." Appellant's Brief at 12.

Appellant also asserts that the trial court relied upon improper reasons in imposing the sentence, highlighting the trial court's statement that Appellant "talked [himself] into a higher sentence." *Id.* at 14 (quoting N.T. Sentencing Hr'g at 42). Appellant first claims that the trial court impermissibly increased his sentence because he asserted his innocence. Appellant argues

that this reasoning violates ***Commonwealth v. Bethea***, 379 A.2d 102 (Pa. 1977), which held that a trial court impermissibly enhanced a sentence based upon a defendant's assertion of his constitutional right to trial. Second, Appellant contends that the court erred in enhancing his sentence due to Appellant's mental health issues, childhood trauma, drug addiction, and his plea for mercy. He essentially contends that the court increased his sentence as a result of his exercising his right to allocution. ***Id.*** at 19 (citing ***Commonwealth v. Thomas***, 553 A.2d 918, 919 (Pa. 1989) (emphasizing a defendant's right to allocution)).

In its Pa.R.A.P. 1925(a) Opinion, the trial court rejected Appellant's claim that it relied upon impermissible factors. The trial court explained that it did not increase Appellant's sentence due to his assertions of innocence, but instead based upon his lack of remorse. The court also opined that it did not increase the sentence due to Appellant's history of trauma and drug and alcohol use, instead crediting these as mitigating factors. Ultimately, the court cited Appellant's "extended acts of abuse toward [Victim] over a long period of time, [Appellant's] inability to understand the severity of his actions, and his lack of remorse" as "aggravating factors that outweighed [Appellant's] mitigation." Tr. Ct. Op. at 13. The court asserts that it did not abuse its discretion in sentencing Appellant. We agree.

In this case, the trial court did not rely on impermissible factors, but instead carefully evaluated the required factors by considering, *inter alia*, the protection of the public, the gravity of the offense, as well as the rehabilitative

needs of the defendant. 42 Pa.C.S. § 9721. It additionally acknowledged the mitigating factors of Appellant's traumatic childhood, mental health, and drug and alcohol use. The court explained that the sentence was informed by Appellant's lack of remorse, which as noted above, is a permissible sentencing factor. After careful review of the record, we conclude that the sentence imposed by the trial court was not manifestly unreasonable. Accordingly, we hold that the court did not abuse its discretion and affirm the judgment of sentence.

Judgment of sentence affirmed.


*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* <u>4/20/2023</u>