J-S16028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH ANDREW KOVALESKI | : | |
| | : | |
| Appellant | : | No. 824 MDA 2018 |

Appeal from the Judgment of Sentence Entered April 10, 2017
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002000-2012

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 16, 2019**

Kenneth Andrew Kovaleski (Appellant) appeals from the judgment of sentence imposed after the trial court granted Appellant relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and re-sentenced him on April 10, 2017.  Upon review, we affirm.

In Appellant's prior appeal, this Court recounted the relevant factual and procedural history:

> In June 2011, Appellant raped Victim, his adopted minor daughter.  Appellant continued to abuse Victim over the course of a year until she reported the abuse to police in July 2012.  On February 26, 2014, a jury convicted Appellant of rape by forcible compulsion, statutory sexual assault, incest, involuntary deviate sexual intercourse (IDSI) with a person less than sixteen (16) years of age, IDSI by forcible compulsion, unlawful contact with a minor, aggravated indecent assault on a person less than sixteen (16) years of age, endangering the welfare of children, corruption of minors, and indecent assault.  The [trial] court sentenced Appellant on July 2, 2014, to an aggregate term of twenty-one (21) to forty-two (42) years' imprisonment; this sentence included

mandatory minimums under 42 Pa.C.S.A. § 9718. The [trial] court also adjudicated Appellant a Tier III offender and a sexually violent predator (SVP) under the Sex Offender Registration and Notification Act (SORNA) in effect at that time. On April 30, 2015, this Court affirmed the judgment of sentence. Our Supreme Court denied Appellant's petition for an allowance of appeal on November 10, 2015.

On October 13, 2016, Appellant timely filed a PCRA petition. Appellant filed a motion for recusal of the trial judge from presiding over the PCRA proceedings on October 18, 2016, because the judge and the prosecutor were Facebook friends. On November 16, 2016, the PCRA court held a hearing on the recusal motion and denied relief. On February 13, 2017, the PCRA court held an evidentiary hearing; the [PCRA] court initially denied PCRA relief on March 8, 2017. Appellant timely filed a motion for reconsideration on March 20, 2017. On March 23, 2017, the PCRA court expressly granted relief in part, regarding the imposition of the mandatory minimum sentences, and again denied PCRA relief in all other respects.

On April 10, 2017, the [trial court] resentenced Appellant to an aggregate term of twenty (20) to forty (40) years' imprisonment, without the mandatory minimum sentences. After sentencing, Appellant objected to both IDSI sentences on the record; and the [trial] court accepted the oral motion for reconsideration *in lieu* of a written motion. Appellant, however, also timely filed a written post-sentence motion on April 18, 2017, which claimed the [trial] court was vindictive when it resentenced Appellant and the entire sentence was contrary to the fundamental norms of sentencing. The [trial] court did not rule on Appellant's post-sentence motion. Nevertheless, on . . . April 24, 2017, Appellant filed a notice of appeal.

***Commonwealth v. Kovaleski***, 721 MDA 2017, *1 (Pa. Super. Apr. 27, 2018)

(unpublished memorandum) (footnotes omitted).

On April 27, 2018, this Court quashed Appellant's appeal with regard to

his challenge of the discretionary aspects of his sentence because of the

outstanding and timely-filed post-sentence motion. ***Id.*** at *8. Accordingly,

we remanded Appellant's case to the trial court for the consideration and disposition of his outstanding post-sentence motion. *Id.*

Following remand, the trial court denied Appellant's post-sentence motion on April 27, 2018. On May 17, 2018, Appellant filed a notice of appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents five sentencing issues for our review:

1. Was the re-imposition of essentially the same sentence at the re-sentencing hearing improper?

2. Did the re-sentencing violate Appellant's constitutional due process rights under *North Carolina v. Pearce*, 295 U.S. 711 (1989), because the [trial court] increased Appellant's sentence on various charges? Did the [trial court] not justify the increases as required under *Commonwealth v. Barnes,* 2017 WL 2927566, at *11 (Pa. Super. 2017) and *Commonwealth v. Walker*, 568 A.2d 201, 205 (Pa. Super. 1989)?

3. Did the [c]ourt fail to state on the record, the proper application of the sentencing guidelines, and a contemporaneous statement for reasons for the consecutive nature of the sentences?

4. Do the questions presented, *supra*, raise a substantial question as to whether the sentence violated a specific provision of the sentencing code or is contrary to the "fundamental norms underlying the sentencing process." *See Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987); *Commonwealth v. Mouzon*, 812 A.2d 617, 622 (Pa. 2002); *Commonwealth v. Johnson*, 873 A.2d 704, 708 (Pa. 2005).

5. Does the substantial question requirement of Pennsylvania Rule of Appellate Procedure 2119(f) violate Appellant's right to appeal under the Pennsylvania Constitution Article V Section 9, to review of a court of record's decision by an appellate court?

> a. Additionally, does the substantial question rule violate Pennsylvania Constitution Article V Section 9, when Appellant only raises sentencing issues on direct appeal?

Appellant's Brief at 8-9.

However, the argument section of Appellant's brief has only two sections, titled "THE SENTENCE SHOULD BE MODIFIED," and "CLAIMS UNDER THE PENNSYLVANIA CONSTITUTION." *See id.* at 17, 20-21. Appellant is in clear violation of the Pennsylvania Rules of Appellate Procedure, which state:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part— in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

The above deficiency notwithstanding, we proceed to address the substance of Appellant's claims. First, we recognize that Appellant is challenging the discretionary aspects of his sentence.[1,2] "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal."

---

[1] While Appellant's second issue appears to be a constitutional claim, we have held that a judicial vindictiveness claim is a challenge to the discretionary aspects of sentencing. *Commonwealth v. Robinson*, 931 A.2d 15, 22 (Pa. Super. 2007) ("[A] claim of vindictiveness is a waivable challenge to the discretionary aspects of the sentence.").

[2] Appellant's fourth issue generally claims that Appellant has raised substantial questions. Because we find that Appellant has raised substantial questions, we forgo any further discussion of this issue.

- 4 -

*Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014).

"An appellant must satisfy a four-part test to invoke this Court's jurisdiction

when challenging the discretionary aspects of a sentence." *Id.* We conduct

this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation

omitted). "A defendant presents a substantial question when he sets forth a

plausible argument that the sentence violates a provision of the sentencing

code or is contrary to the fundamental norms of the sentencing process."

*Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations

omitted).

Appellant has complied with the first three prongs of the test by raising

his discretionary sentencing claims in a timely post-sentence motion, filing a

timely notice of appeal, and including in his brief a Rule 2119(f) concise

statement. *See* Appellant's Brief at 6-7. Therefore, we examine whether

Appellant presents substantial questions for our review.[3]

---

[3] In determining whether Appellant has raised a substantial question, "[w]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Barnes*, 167 A.3d 110, 123 (Pa. Super. 2017) (*en banc*) (citing *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013).

Appellant argues that in re-sentencing him, the trial court "violate[d] Appellant's [constitutional] due process rights under [**North Carolina v. Pearce**, 395 U.S. 711 (1969), *overruled on other grounds by* **Alabama v. Smith**, 490 U.S. 794 (1989)]. Appellant's Brief at 8. He also claims that the trial court failed to adequately state its reasons for its sentence on the record. **Id.** Accordingly, Appellant has raised substantial questions for our review. **See Barnes**, 167 A.3d at 123 ("[I]t is settled that [a]ppellant's claim that his sentence on remand was a product of vindictiveness presents a substantial question for our review.") (citation omitted); **Commonwealth v. Simpson**, 829 A.2d 334, 338 (Pa. Super. 2003) (a substantial question is raised where the defendant claimed "that the trial court failed to sufficiently state its reasons for the sentence imposed.") (citation omitted).

We thus review Appellant's sentencing claims mindful of the following:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

**Commonwealth v. Cook**, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

Appellant's first discretionary claim[4] asserts that the trial court was judicially vindictive by "essentially impos[ing] the same aggregate sentence at re-sentencing."  Appellant's Brief at 8.

The United States Supreme Court in **Pearce** stated:

Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.  Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.  And the factual data upon which the increased sentence is based must be part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

**Pearce**, 395 U.S. at 725-26.

This Court has held that "**Pearce**'s rationale for providing reasons on the record applies also when the original sentence is vacated and a second sentence is imposed without an additional trial."  **Barnes**, 167 A.3d at 110 (citation omitted).  Absent evidence that a sentencing increase is justified,

---

[4] For ease of review, we combine the analyses of Appellant's first and second questions presented because they are interrelated and Appellant combines these two issues, along with his third question presented, into one argument section in his brief.  **See** Appellant's Brief at 17-20.

- 7 -

"the presumption of vindictiveness cannot be rebutted." ***Commonwealth v. Serrano***, 727 A.2d 1168, 1170 (Pa. Super. 1990).

However, as recently noted by the *en banc* panel of this Court in ***Barnes***, the presumption can be rebutted where a trial court imposes higher sentences on certain counts during re-sentencing to reach the same aggregate sentence as previously imposed and preserve its sentencing scheme. ***Barnes***, 167 A.3d at 124 ("[A] judge can duplicate the effect of the original sentencing plan by adjusting the sentences on various counts so that the aggregate punishment remains the same."). This Court in ***Barnes*** analyzed our decision in ***Commonwealth v. McHale***, 924 A.2d 664 (Pa. Super. 2007), *overruled in part on other grounds by* ***Commonwealth v. Robinson***, 931 A.2d 15 (Pa. Super. 2007):

> In [***McHale***], we upheld the trial court's resentencing of the defendant when his conviction on the most serious charges, two counts of aggravated assault, previously had been based on insufficient evidence. After remand, to maintain the same total aggregate sentence as originally imposed, the trial court increased the overall sentence on the surviving counts. Noting that the aggregate sentence remained unchanged, we upheld the new sentence. In so doing, we noted:
>
> > [O]ur conclusion is not altered by the fact that remand and resentencing were prompted by reversal of two of [the defendant's] convictions. . . . Whether remand is the result of reversal of one or more convictions or vacation of an illegal sentence, we conclude that the trial court has the same discretion and responsibilities in resentencing.

***Barnes***, 167 A.3d at 124-25 (citations omitted).

Here, the trial court did not impose a "vindictive sentence" on Appellant because aggregate sentence after remand was **decreased**, which Appellant concedes. ***See*** Appellant's Brief at 13-15. Consistent with our holding in ***Barnes***, it is apparent that the trial court increased Appellant's IDSI sentence not out of vindictiveness, but in an attempt to preserve the integrity of its original sentencing scheme; a goal specifically referenced by the trial court at Appellant's re-sentencing. N.T., 4/10/17, at 18 ("[I]t is my intent to achieve through sentencing today what the court—what I was able to achieve back on July 2nd of 2014."). As the trial court's desire to preserve its previous sentencing scheme defeats the presumption of vindictiveness, and Appellant's aggregate sentence was not increased at re-sentencing, we do not find that his sentence was a result of judicial vindictiveness. Therefore, Appellant is not entitled to relief. ***Barnes***, 167 A.3d at 125.

Appellant also asserts that the trial court failed to place adequate reasoning on the record for the sentence. Appellant's Brief at 8. The relevant portion of 42 Pa.C.S.A. § 9721(b) states:

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

***Id.***

In addition:

In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

*Fowler*, 893 A.2d 758, 767-68 (Pa. Super. 2006) (citing *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)) (some citations omitted).

Instantly, the trial court at re-sentencing commented at length:

I have had the opportunity to review the presentence investigation that was originally prepared, but then updated by the Department of Probation because of the change in the law regarding the imposition of mandatory minimums for some of the offenses for which [Appellant] was convicted. I have also had the opportunity to review the letter submitted by the victim in this case[.] And I did have the opportunity to preside over the trial. So, I am now prepared to impose sentence. I do, in fashioning the sentence that I'm imposing here today, I did take into consideration the standard guideline range as well as the opportunity to sentence outside of the standard guideline range. And I will tell you, my sentence on all of the charges is going to be within the standard guideline range. However, it is my intent to achieve through sentencing today what the court—what I was able to achieve back on July 2nd of 2014. I do agree with the Commonwealth in that sense in that at that time the Commonwealth had invoked mandatory minimum sentences. And the court if I wanted to, I would have been unable to deviate outside of that particular sentencing scheme. But now, the mandatory minimum sentences are no longer permissible in the

- 10 -

state of Pennsylvania. We're back really to square one, sentencing without the imposition of any mandatory minimum sentences. So, but in terms of value and weight of the sentencing scheme and having listened to the testimony and having presided over the trial and taking everything into consideration, the court does recognize the very persuasive arguments here today, but I am mindful of the serious nature and gravity of these offenses, the violation of trust, many, many troubling aspects of this case.

So, in Count 1, rape, it is going to be the order of this court that [Appellant] be sentenced to serve a period of incarceration in a state correctional institution for a minimum of 5 to a maximum of 10 years. That sentence is within the standard range. With respect to Count 2, [IDSI], it's going to be the order of this court that [Appellant] be sentenced to serve a minimum of 5 to a maximum of 10 years in a state correctional institution consecutive to Count 1. With respect to Count 3 . . ., [IDSI], it's going to be the order of this court that [Appellant] be sentenced to serve a sentence of 5 to 10 years consecutive to Counts 1 and 2. With respect to Count 4, aggravated indecent assault, it's going to be the order of this court that [Appellant] be sentenced to serve a period of incarceration in a statement correctional institution for 2 to 4 years consecutive. With respect to Count 5, incest, it's the order of this court that [Appellant] be sentenced to serve a period of 1 to 2 years in a state correctional institution, consecutive. With respect to Count 6, the statutory sexual assault, it's the order of this court that [Appellant] be sentenced to serve a period of incarceration in the state correctional institution, 1 to 2 years, consecutive. Count 7, endangering the welfare of a child, it's going to be the order of this court that [Appellant] be sentenced to serve a period of incarceration for 1 to 2 years, consecutive. Count 8, corruption of minors, it's going to be the order of this court that the defendant be sentenced to serve a minimum of 3 months to a maximum of 12 months in a state correction institution, concurrent. Count 9, indecent assault, the Commonwealth concedes that Count 9 merges for purposes of sentencing with Count 4, aggravated indecent assault. So the aggregate sentence here today is to 20 to 40 years in a state correctional institution. [Appellant] is not eligible for the RRRI reduction in sentence. And I must now advise you, sir, of the reasons for the sentence here today. This sentence recognizes the nature and gravity of the offenses. It recognizes the unusual circumstance that the victim of these crimes is the adopted daughter of [Appellant]. And that, initially, she was the foster

- 11 -

child of [Appellant] and later adopted by [Appellant] and his wife. It recognizes that this sentence is necessary for the protection of the community and [Appellant's] needs for punishment and rehabilitation.

N.T., 4/10/17, at 17-22.

The trial court further opined:

[Appellant] asserts that his due process rights were violated because the sentence imposed by this court at the resentencing hearing was "essentially the same sentence" as the original sentence. He further asserts the trial court erred when it increased his sentence on various charges without stating the reasons justifying the increases on the record. This simply is not true. (**See** N.T. 4/10/17 at pg. 17). Additionally, he fails to state any reasons for his conclusion, nor does he cite to any evidence in the transcripts.

The sentence imposed by this court at the resentencing hearing was clearly not the result of judicial vindictiveness. This court stated that its intent was to preserve the integrity of the original sentencing scheme. (**See** N.T. 4/10/17 at pg. 17). Furthermore, [Appellant's] due process rights were not violated because his aggregate sentence was actually less than the one originally imposed. Thus, [Appellant's] boilerplate assertions, without more, cannot withstand judicial scrutiny. **See** Commonwealth v. Hale, 924 A.2d 664, 670 (Pa. Super. 2007) ("preserving the integrity of the original sentencing scheme is a legitimate sentencing concern, and sentences may be adjusted so that the aggregate punishment remains the same upon resentencing."). Additionally, [Appellant] alleges this court abused its discretion by imposing consecutive sentences for various offenses. However, Pennsylvania courts have ruled to the contrary. **See** McHale, **supra** 924 A.2d at 673 (holding that, upon resentencing, re-imposition of the same aggregate sentence by changing sentences on various charges to run consecutively rather than concurrently was within the trial court's discretion.)[.]

Finally, this court provided proper and legitimate reasons when it resentenced [Appellant] to [an] aggregate term of twenty (20) to (40) years of imprisonment. This [c]ourt made it clear the reasons for the sentence[.] . . . [A]ppellant's assertions are

> boilerplate and are not supported by any evidence contained in the record.

Trial Court Opinion, 10/5/18, at 7-8 (footnotes omitted, underlining in original).

We agree with the trial court. At Appellant's re-sentencing, the trial court specifically stated on the record that it "had the opportunity to review the presentence investigation [report] that was originally prepared, but then updated by the Department of Probation[.]" N.T., 4/10/17, at 17-18. As the trial court indicated that it was informed by Appellant's pre-sentence investigation report, it properly satisfied the requirement of Section 9721(b) that the reasons for the imposition of sentence be placed on the record. Moreover, the trial court provided commentary acknowledging the gravity of the offenses committed, Appellant's relationship to the victim, the necessity of protecting the community, and Appellant's need for punishment and rehabilitation. *See* N.T., 4/10/17, at 21-22.

Ultimately, the trial court determined that Appellant's crimes necessitated an aggregate sentence of 20 to 40 years; which includes consecutive sentences. *See Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court.") (citations omitted); *see also McHale*, 924 A.2d at 673 ("That the trial court on remand maintained the total aggregate length of [a]ppellant's sentence . . . by imposing the remaining sentences consecutively instead of

concurrently does not alter the conclusion that the total aggregate length was not increased.") (emphasis omitted). Thus, the record reflects that the trial court properly complied with Section 9721(b) by placing adequate reasons for Appellant's sentence on the record, and did not abuse its discretion in imposing consecutive sentences.

In his fifth issue, Appellant asserts that "[42 Pa.C.S.A. §] 9781(b) and [Pa.R.A.P.] 2119(f) establish an unconstitutional restraint on Appellant's constitutional right to an appeal," and "asks this Court to strike down Rule 2119(f), [Section] 9781(b), [Section] 9781(f), and overrule the case law surrounding the discretionary aspects of sentencing." Appellant's Brief at 21, 24. In averring that Section 9781 and Rule 2119(f) violate the Pennsylvania Constitution, Appellant requests that we overrule our decision in *Commonwealth v. McFarlin*, 587 A.2d 732 (Pa. Super. 1991) (*en banc*) (Del Sole, J., dissenting), *affirmed*, 607 A.2d 730 (Pa. 1992) (*per curiam*), which held that "[Section] 9781(b) is a reasonable regulation of the right to appeal." *Id.* at 735. Appellant suggests we adopt Judge Del Sole's dissenting opinion, which argued that Section 9781(b) violated article V, section 9 of the Pennsylvania Constitution.[5] *Id.* at 739. Appellant's issue lacks merit because this Court has previously held that Section 9781(b) is constitutional.

---

[5] Article V, section 9 of the Pennsylvania Constitution provides: "There shall be a right of appeal in all cases to a court of record form a court not of record; and there shall also be a right of appeal from a court of record or from an

- 14 -

"As the constitutionality of a statute presents a pure question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Thompson***, 106 A.3d 742, 763 (Pa. Super. 2014) (citing ***Commonwealth v. Turner***, 80 A.3d 754 (Pa. 2013). "We note that duly enacted legislation carries with it a strong presumption of constitutionality." ***Id.*** (citation omitted). "A presumption exists [t]hat the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth when promulgating legislation." ***Id.*** (citations omitted). Therefore, "a statute will not be found unconstitutional unless it clearly, palpably, and plainly violates the Constitution." ***Commonwealth v. Neiman***, 84 A.3d 603, 611 (Pa. 2013) (citation omitted). "If there is any doubt as to whether a challenger has met this high burden, then we will resolve that doubt in favor of the statute's constitutionality." ***Id.*** (citation omitted).

Section 9781, in relevant part, provides:

**(b) Allowance of appeal.--**The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter. . . .

**(f) Limitation on additional appellate review.--**No appeal of the discretionary aspects of the sentence shall be permitted

_____

administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law."

- 15 -

beyond the appellate court that has initial jurisdiction for such appeals.

42 Pa.C.S.A. § 9781(b), (f). Pennsylvania Rule of Appellate Procedure 2119(f)

reads:

> **(f) Discretionary aspects of sentencing.** An appellant who challenges the discretionary aspects of sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

*Id.*

Upon review, we are not persuaded by Appellant's constitutional challenge to Section 9781(b).[6] Appellant concedes, Section 9781(b) has been explicitly held by this Court to be a "reasonable regulation upon the right to appeal," and therefore "does not violate the Pennsylvania Constitution."[7] *McFarlin*, 587 A.2d at 733. Our decision in *McFarlin* was affirmed by the

---

[6] While Appellant challenges the constitutionality of Pa.R.A.P. 2119(f), we recognize that Rule 2119(f) is merely the mechanism for which Section 9781(b) compliance is mandated. We therefore treat his fifth issue as a constitutional challenge to Section 9781(b). *See* Appellant's Brief at 22 ("Appellant asks this Honorable Court to find 42 Pa.C.S.A. § 9781(b) and Pa.R.A.P. 2119(f) unconstitutionally [restrictive on] the right to an appeal under Article V, § 9 of the Pennsylvania Constitution.").

[7] Appellant's Brief at 22 ("The majority in McFarlin held the right to appeal is absolute, but the limitation imposed by [Section] 9781(b) is a reasonable control of the exercise of the right to appeal.") (citation omitted, underlining in original).

Pennsylvania Supreme Court in a *per curiam* order. ***Commonwealth v. McFarlin***, 607 A.2d 730 (Pa. 1992) (*per curiam*). ***See also Commonwealth v. Dodge***, 77 A.3d 1263, 1282 n.4 (Pa. Super. 2013) ("In a five-to-four decision, this Court rejected a constitutional challenge under Article V, § 9 to 42 Pa.C.S. § 9871. Our Supreme Court affirmed, without discussion, via a *per curiam* order.") (citations omitted). As our decision in ***McFarlin*** remains good law, we hold that Section 9781(b) does not violate the Pennsylvania Constitution and this issue does not warrant relief.[8]

In sum, Appellant's claims are without merit and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/16/2019

---

[8] ***See also Moses v. T.N.T. Red Star Exp.***, 725 A.2d 792, 801 (Pa. Super. 1999) ("It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court."); ***Commonwealth v. Montini***, 712 A.2d 761, 769 (Pa. Super. 1998) ("[T]he Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania.").